# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **SHALONDA THOMAS** | **CASE NO.  6:23-CV-00316** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GEICO COUNTY MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 13). Defendants, Geico County Mutual Ins. Co. and Brianna Alvarado, opposed the Motion (Rec. Doc. 19). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied.

## Factual Background

Plaintiff filed suit in state court on March 11, 2022, against Brianna Alvarado, the adverse driver in an auto accident, and Alvarado's liability insurer, Geico. (Rec. Doc. 1-1, p. 2-6). Geico removed the matter nearly a year later, on March 8, 2023, on the grounds of diversity jurisdiction upon receipt of discovery responses

indicating the amount in controversy exceeded the jurisdictional amount. (Rec. Doc. 1). At the time of removal, Geico stated that Alvarado, a Texas citizen, had not yet been served. (Rec. Doc. 1, ¶10). According to Plaintiff's affidavit of service regarding Alvarado and attached postal tracking information, as of May 2022, the service documents mailed to Alvarado via Louisiana's long-arm statute had not yet been delivered. (Rec. Doc. 1-1, p. 7-8). With this evidence, Geico moved to dismiss Plaintiff's claims against Alvarado for insufficient service of process. (Rec. Doc. 5). The Court denied the motion without prejudice based on Plaintiff's counsel's assertions of ongoing attempts to effect service on Alvarado in Texas. (Rec. Doc. 12). Plaintiff filed the instant motion to remand on the grounds that Alvarado had actually been served at the time of removal and therefore was a non-consenting defendant, justifying remand.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

Geico, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that removal was otherwise proper.

§1446(b)(2)(A) mandates that when a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. The Fifth Circuit has held that "[t]his rule simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002), quoting *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 13 (5th Cir.1988). The court recognized an equitable exception to the general rule wherein exceptional circumstances might permit removal when a defendant fails to fully and timely comply with §1446. *Id.*, citing *Getty Oil*, 841 F.2d at 1263, n. 12.

Plaintiff argues that Alvarado was a served defendant whose formal consent was required to perfect removal under §1446. Defendants dispute that Alvarado was a properly served defendant at the time of removal. Louisiana's long-arm statute, La.

R.S. 13:3204, permits service on non-resident defendants by mailing a certified copy of the petition and citation to the defendant by certified mail.

> Under the clear wording of § 3204, all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under § 3204 for a signed return receipt. To allow a defendant to defeat service of process by refusing to claim a certified letter at the post office would make a mockery of R.S. 13:3204 and render it completely ineffective. When the facts demonstrate that a litigant ignores notice, such conduct is tantamount to a refusal of service and cannot defeat otherwise valid service.

*Wood v. Hackler*, 52,791 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1136, 1141, *writ denied,* 2019-01469 (La. 12/10/19), 285 So. 3d 490. (cleaned up).

"Louisiana state courts and federal district courts within the Fifth Circuit have held that proof of actual receipt of service of process is not necessary to perfect service under the Louisiana Long Arm Statute." *Trimble v. Strength*, No. 20-355, 2022 WL 636729, at *3 (M.D. La. Jan. 25, 2022) (listing cases). Although the law does not require a signed return receipt, the serving attorney must send the documents to the correct address, as ascertained from verified sources. *Wood*, 276 So.3d at 1141. Above all, service must satisfy due process:

> [13:3204] has been carefully drafted into the scheme of L.R.S. 13:3201 et seq. to insure that Louisiana's 'long arm' provisions meet the constitutional mandate of due process which requires a method of service reasonably calculated to give defendant actual notice. We note the language of L.R.S. 13:3204 does not require that the defendant

4

actually accept the petition and citation, but only that the proper steps be taken in order that he might have a reasonable opportunity to do so.

*Ray v. S. Cent. Bell Tel. Co.,* 303 So. 2d 877, 880 (La. Ct. App. 1974), *writ issued,* 307 So. 2d 625 (La. 1975), and *aff'd,* 315 So. 2d 759 (La. 1975).

In this case, Plaintiff's counsel sent the citation and petition to Alvarado by certified mail to the address identified in the accident report; however, the postal tracking information states that the "package is moving within the USPS network and is on track to be delivered to its final destination. It is currently in transit to the next facility." (Rec. Doc. 13-3). Unsurprisingly, the postal service appears to have lost the envelope.

This case falls short of the cases where the certified mail receipt was "unclaimed" or "returned to sender" and deemed sufficient service due to the defendant's apparent unwillingness to claim the mail. See e.g. *McFarland v. Dippel*, 1999-0584 (La. App. 1 Cir. 3/31/00), 756 So. 2d 618, 622, *writ denied,* 2000-1794 (La. 9/29/00), 770 So. 2d 349 ("Thus, we conclude where the facts demonstrate a litigant chose to ignore notice of a certified letter, and refused to claim the letter at the post office, that conduct is tantamount to a refusal of service and cannot defeat otherwise valid service."); and *Trimble*, *supra*. The attempted service in this case failed to provide notice, through the fault of none but the postal service. Plaintiff presented no evidence that the inability to effect service was attributable to Alvarado, such as by failing to accept the package or providing an inaccurate

5

address. See e.g. *Grace v. Myers*, No. CV 15-300-JWD-RLB, 2015 WL 4939893, at *5 (M.D. La. Aug. 18, 2015) (service insufficient absent evidence that the defendant actively refused to accept service). Rather, affirmative evidence shows that the long-arm service documents were lost in the mail, a distinction the Court finds significant given due process considerations. Notably, Plaintiff's counsel eventually served Alvarado through private process server on March 31, 2023, thereby acknowledging previously imperfect service. Accordingly, Alvarado was not a served defendant at the time of Geico's removal, and her consent to remove was unnecessary.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 13) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of May, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**